[Crim. No. 12631. Second Dist., Div. Four. June 21, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ALAN MARK FRIED, Defendant and Appellant.

Charles V. Weedman for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Roger E. Venturi and August J. Ginocchio, Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged with six counts of receiving stolen goods in violation of section 496 of the Penal Code. After a trial by the court, trial by jury having been duly waived, he was found guilty of the offense charged in count IV and not guilty on the other counts. A motion for new trial was denied; a one-year jail sentence was imposed; the sentence was suspended and defendant was granted probation for three years. He has appealed.

Defendant was engaged in the business of selling typewriters, adding machines, and similar business equipment. On February 1, 1966, police officers, armed with search warrants, the validity of which is not questioned, searched his home and his place of business. The search at the home disclosed a large number of typewriters and other business machines, some in the house and some concealed in the garage, all being identified as having been stolen in burglaries which had occurred over 60 days previously. The search of the store had similar results.

When the officers arrived at the store and served defendant with the search warrant, he asked permission to phone his attorney. The officer in charge refused the permission, saying that defendant could not call until the search was completed. After the search had been concluded, defendant was arrested and advised of his right to remain silent, his right to counsel and that anything he said could be used against him in a criminal case. At that time, and later, defendant admitted knowing a man named Gordon, that defendant had purchased business machines from Gordon, that he had seen newspaper accounts of Gordon's arrest for burglary of business machines, that after reading those accounts he had removed machines purchased from Gordon to his home, that he knew he should have turned them over to the police but that he had not done so because of fear for the safety of himself and his family, and that he had received a phone call from Gordon telling defendant to keep his mouth shut.

Defendant argues that it was error to admit evidence of defendant's statements, claiming that the original refusal to permit a phone call to defendant's attorney violated the *Dorado* rules. We do not agree. It is true that, contrary to the contention of the Attorney General, the statements were a confession and not an admission.[1] But

---

[1] Subdivision 1 of section 496 of the Penal Code covers not only the actual receipt of stolen goods, but it also applies to any person "who

no. questioning, of any kind, took place until after defendant had been given the constitutionally required warnings.[2] While the original denial of the right to phone the attorney was wrong, still no statements were secured while that inhibition was in force. The original denial, by its terms, was limited to the period of the search and had expired before any questioning; in addition, express notification that the time to contact an attorney had arrived was implicit in the warning actually given.[3] No violation of defendant's constitutional rights appears and the evidence, properly admitted, is clearly sufficient to support the finding of guilt.

The judgment (order granting probation) is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

conceals, withholds or aids in concealing or withholding any such property from the owner, knowing the same to be . . . stolen . . .''

[2]Since the trial in the case at bench began on June 3, 1966, the applicable rules are those laid down in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and not those later set forth in *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. (*People* v. *Rollins* (1967) 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

[3]Since there admittedly was no ''process of interrogation'' until after the warning was given, we need not decide whether or not defendant was ''in custody'' prior to his formal arrest and while the search was continuing. (See *People* v. *Arnold* (1967) 66 Cal.2d 438 [58 Cal.Rptr. 115, 426 P.2d 515].)